**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division**

**COMMERCIAL STEAM CLEANING, LLC**,
**and ANDREW E. HAROLD,**

        **Plaintiffs,**

                                    **REPORT OF PARTIES' PLANNING MEETING**
**v.**                                   **Civil Action No. 2:09-cv-01009**
                                   **(Judge Copenhaver)**

**FORD MOTOR COMPANY and
NAVISTAR INTERNATIONAL CORPORATION,**

        **Defendants.**

 

1.      Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on November 30, 2009. Those participating in the meeting were:

>**Stephen P. Meyer on behalf of Plaintiffs;**
>**Michael Bonasso, Brian Anderson (by telephone), and Scott Hammack (by telephone) on behalf of Defendant Ford Motor Company ("Ford"); and**
>**Kara Cunningham Williams on behalf of Defendant Navistar, Inc., incorrectly sued as Navistar International Corporation ("Navistar") (Consent Motion to Substitute Party Defendant, D.E. # 16, pending.)**

2.      Pre-Discovery Disclosures.

**By Order and Notice Dated October 20, 2009, the Court directed that the parties exchange by December 29, 2009, the information required by Fed. R. Civ. P. 26(a)(1).**

3.      Dispositive Motions/Amendments.

**Defendant Ford filed a Motion for Judgment on the Pleadings on November 20, 2009 as to all claims asserted against it in the pending Complaint.  The parties have filed a stipulation to extend the time period for filing the response and reply, such that Plaintiffs' response will be due December 14, 2009, and Ford's reply will be due December 23, 2009.**

Plaintiffs and Defendants should be allowed until **January 20, 2010** to join additional parties and to amend the pleadings.

4.      Discovery Plan.  The parties jointly propose to the Court the following discovery plan:

      a.   <u>Scope of Discovery</u>

**The parties anticipate that, among other things, discovery will be needed on the following subjects:**

- **the elements of Plaintiffs' claims, including their allegations that class certification is appropriate; and**
- **Defendants' asserted defenses and affirmative defenses, including their anticipated opposition to Plaintiffs' forthcoming class certification motion.**

      b.   <u>Electronically Stored Information</u>

Disclosure of electronically stored information should be handled as follows:

**The parties anticipate that the categories of electronically stored information that will be sought in the litigation can be produced in the form of CDs or DVDs.  To the extent any party asserts during the course of discovery that it is necessary for electronically stored information to be produced in some other format, the parties agree to mutually work toward a reasonable resolution of any such request.  If the parties are unable to agree and/or disputes arise in the course of discovery regarding electronically stored information, the parties will submit them to the Court in accordance with the Local Rules and the Federal Rules of Civil Procedure.**

      c.   <u>Agreed Protective Order and Inadvertent Disclosures</u>

**The parties agree that a protective order is appropriate for disclosure of some of the information anticipated to be disclosed in this case and will work together to prepare and submit an Agreed Protective Order to the Court.**

The parties have agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production, as follows:

**In the event of inadvertent disclosure of privileged or trial preparation material, counsel for the disclosing party will promptly notify counsel for the requesting party.  The requesting party will return, sequester, or destroy all information and copies and shall not use or disclose that information until the claim of privilege or work product protection is resolved.  The parties will comply with W.Va. Legal Ethics Opinion 2009-1 with respect to metadata.**

      d.   <u>Complex Case Designation and Scheduling Order</u>

**This matter is a putative class action involving allegations of breach of warranty and negligence in connection with the purchase of certain vehicles built over several years**

equipped with a particular type of engine.  Plaintiffs assert their claims individually and on behalf of a putative class of West Virginia consumers, which they allege may include hundreds or thousands of members.  The parties therefore believe that this action is suitable for designation as a complex case, and jointly request that it be designated as such.

The parties request that the Court enter a phased scheduling order, and propose the following schedule for the initial phase:

- The last date to serve requests for fact discovery for use in class certification proceedings is February 19, 2010.
- The last date on which to take a fact witness discovery deposition for use in class certification proceedings is April 5, 2010.
- The deadline for service of reports from retained experts under Rule 26(a)(2) for all experts whom Plaintiffs intend to call in support of their motion for class certification shall be May 5, 2010.
- The deadline for filing and service of Plaintiffs' motion for class certification shall be May 5, 2010.
- The last date on which Defendants may take a discovery deposition of expert witnesses disclosed by Plaintiffs on class certification issues shall be June 4, 2010.
- The deadline for service of reports from retained experts under Rule 26(a)(2) for all experts whom Defendants intend to call in opposition to Plaintiffs' motion for class certification shall be June 21, 2010.
- The deadline for filing and service of Defendants' opposition to Plaintiffs' motion for class certification shall be June 21, 2010.
- The last date on which Plaintiffs may take a discovery deposition of expert witnesses disclosed by Defendants on class certification issues shall be July 21, 2010.
- The deadline for filing and service of Plaintiffs' reply memorandum in support of their motion for class certification shall be August 5, 2010.
- Hearing on Plaintiffs' motion for class certification in late August or early September 2010.
- Within 30 days of the Court's ruling on Plaintiffs' motion for class certification, the parties shall meet to discuss the schedule for remaining proceedings in the case and shall submit joint or competing proposals.

Because the Court's ruling on class certification will have a significant effect on the timing and scope of further proceedings – e.g., whether a class notice must issue, the timeframe for notice and any opt-out period – the parties are unable to determine an appropriate deadline for the completion of any remaining discovery following that ruling.  The parties instead alternatively propose that the Court defer setting a final discovery deadline or corresponding deadlines for the filing of dispositive motions and pretrial submissions, the pretrial conference date, and the trial date, until after its ruling on Plaintiffs' motion for class certification.

In a good faith effort to comply with Fed. R. Civ. P. 26(f) and L.R. Civ. P. 16.1(c), however, subject to the foregoing, the parties tentatively propose that the deadline for completion of

any further discovery shall be December 30, 2010, and tentatively propose the deadlines identified in Paragraphs 7 – 12 below.

The parties adopt the discovery limits set forth in the Federal Rules of Civil Procedure.

5.      Magistrate judges will resolve discovery disputes.  The parties **do not** elect to have a United States magistrate judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment.

6.      Mediation shall take place within 30 days after the Court's ruling on Plaintiffs' motion for class certification.

7.      Potential dispositive motions shall be filed by **January 31, 2011**, with responses and replies filed according to the Local Rules.

8.      The parties request a pretrial conference on **April 18, 2011**.

The Plaintiff shall submit a proposed pretrial order to the Defendant on or before **April 5, 2011**.

The Defendant shall compile a proposed integrated pretrial order and submit it to chambers of the presiding judicial officer on or before **April 13, 2011**.

9.      Where applicable, proposed jury instructions shall be exchanged and transmitted to chambers of the presiding judicial officer in WordPerfect format on or before **April 27, 2011**.

10.     Where applicable, proposed findings of fact and conclusions of law shall be exchanged and transmitted to chambers of the presiding judicial officer in WordPerfect format on or before **April 25, 2011**.

11.     A final settlement conference will take place on **April 29, 2011**.

12.     The case should be ready for trial by **May 2011**, and at this time is expected to take approximately **30 days if conducted on a class basis, and 8-10 days if conducted only on Plaintiffs' individual claims.**

13.     The parties request a conference with the Court before entry of the Scheduling Order, but respectfully request that the Court reschedule the conference currently set for December 21, 2009 at 10:00 a.m., due to pre-existing scheduling conflicts for several of the attorneys.  Pursuant to L.R. Civ. P. 16.1(b)(1), insofar as the parties have requested that this action be designated as a complex case appropriate for monitoring in an individualized and case-specific manner, the parties further respectfully suggest that the scheduling conference be combined with the first case-management conference, for which the parties propose the following three alternative dates:  January 6, January 7, or January 8, at any time on those dates convenient for the Court.

| | |
|---|---|
| /s/ Stephen P. Meyer<br>Stephen P. Meyer (WVSB #2541)<br>smeyer@citynet.net<br>Craig B. Giffin (WVSB #7715)<br>Meyer, Ford & Glasser<br>P.O. Box 11090<br>Charleston, WV 25339<br>*Counsel for Plaintiffs* | /s/ Michael Bonasso<br>Michael Bonasso (WVSB #394)<br>mbonasso@fsblaw.com<br>Elizabeth L. Taylor (WVSB #10270)<br>etaylor@fsblaw.com<br>Flaherty, Sensabaugh & Bonasso<br>P. O. Box 3843<br>Charleston, WV 25338-3843<br><br>Brian Anderson, *pro hac vice*<br>Scott M. Hammack, *pro hac vice*<br>O'Melveny & Myers LLP<br>1625 Eye Street, NW<br>Washington, DC 20006-4001<br>*Counsel for Defendant Ford Motor Company*<br><br><br>/s/ Kara Cunningham Williams<br>Kara Cunningham Williams (WVSB #8148)<br>kara.williams@steptoe-johnson.com<br>Teresa A. Kleeh (WVSB #7189)<br>teresa.kleeh@steptoe-johnson.com<br>STEPTOE & JOHNSON PLLC<br>P. O. Box 1588<br>Charleston, WV  25326-1588<br>Telephone:  304-353-8100<br>Telecopier:  304-353-8180<br>*Counsel for Defendant Navistar, Inc.,<br>incorrectly sued as Navistar International<br>Corporation* |

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Charleston Division**

**COMMERCIAL STEAM CLEANING, LLC**,
**and ANDREW E. HAROLD,**

      **Plaintiffs,**

**v.**                                        **Civil Action No. 2:09-cv-01009**
                                              **(Judge Copenhaver)**

**FORD MOTOR COMPANY and**
**NAVISTAR INTERNATIONAL CORPORATION,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2009, I electronically filed the foregoing **"REPORT OF PARTIES' PLANNING MEETING"** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to each of the following:

| | |
|---|---|
| Stephen P. Meyer | Michael Bonasso |
| Craig B. Giffin | Elizabeth L. Taylor |
| Meyer, Ford & Glasser | Flaherty, Sensabaugh & Bonasso |
| P.O. Box 11090 | P. O. Box 3843 |
| Charleston, WV 25339 | Charleston, WV 25338-3843 |
| *Counsel for Plaintiffs* | *Counsel for Defendant Ford Motor Company.* |

I further certify that on the 7th day of December, 2009, I caused a copy of the same foregoing document to be served via United States mail, first class, postage prepaid, on the following attorneys who are not registered with the CM/ECF system:

Brian Anderson, Esq.
Scott M. Hammack, Esq.
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4001
*Counsel for Defendant Ford Motor Company.*

/s/ Kara Cunningham Williams