THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

COMMERCIAL STEAM CLEANING, L.L.C.
AND ANDREW E. HAROLD,

        Plaintiffs,

v.        Case No.: 2:09-cv-01009

FORD MOTOR COMPANY, and
NAVISTAR, INC.,1

        Defendants.

**MOTION TO AMEND SCHEDULING ORDER and MOTION TO COMPEL A MORE NARROWED PRODUCTION OF DOCUMENTS FROM DEFENDANT FORD**

      Plaintiffs are in receipt of the Court's scheduling Order in this case and part of Defendant Ford's recent responses to Plaintiffs' First and Second discovery requests.

      Plaintiffs respectfully move for a modification of this scheduling Order, and Plaintiffs also move to compel a more narrowed production of documents from Defendant Ford.  Pursuant to Local Rule of Civil Procedure 7.1, Plaintiffs are not filing an accompanying memorandum in support of their motion.  In support of their motions, Plaintiffs state as follows:

      <u>1.  The Class Certification Hearing Conflicts With a Trial That Was Previously Scheduled in the case of *Dyer, et al. v Rockspring Development*, Civil Action No. 07-C-160.</u>

      The Court has set Plaintiffs' class certification for Friday, July 16, 2010.  Plaintiffs anticipate that this class certification hearing will take at least one week.  Prior to this Court's January 15, 2010 scheduling conference with the parties during which time the parties suggested a class certification hearing of November 2010, Judge Hoke of the Lincoln County Circuit Court

had already established a Monday, July 19, 2010 trial date for Plaintiffs' counsel in the case of Dyer, et al. v. Rockspring Development, Civil Action Number 07-C-160.

The Dyer case is a piece of complex environmental litigation and both Plaintiffs' counsel and Defendant's counsel in that case believe that the Dyer case trial will take approximately two weeks. Both sides have previously represented this to the Lincoln County Circuit Court and to Judge Hoke's law clerk. While the Plaintiffs and the Defendant in the Dyer case have engaged in mediation, this mediation has been unsuccessful and Plaintiffs' counsel fully expects that the Dyer case will go to trial. Thus, there will be a conflict with the class certification hearing in this case which was not scheduled until after Judge Hoke had, in 2009, established the trial date in the Dyer case.

As a result of this pre-existing conflict, Plaintiffs' counsel respectfully requests that the class certification hearing in this case be moved.

2. Defendant Ford has not responded to Plaintiffs' First and Second Document Production Requests in Good Faith

Recently Plaintiffs made discovery requests upon Defendant Ford requesting documents relevant to the provisions found in Plaintiffs' complaints. Ford responded by producing between 5 and 6 million documents to Plaintiffs in response to Plaintiffs' requests.

A 5-6 million document production is not within the spirit or letter of the law governing discovery in the federal court system. Specifically, a party, such as Ford, may not excuse itself from compliance with Federal Rule of Civil Procedure 34 by utilizing a system of record keeping which makes it unduly difficult to identify or locate relevant records, thus causing the production of documents to be excessively burdensome and costly. Kozlowski v. Sears, Roebuck, and

Company, 73 F.R.D. 73 (D.C. Mass. 1976).  Yet, that is exactly what has happened in the current instance: Ford has apparently utilized a record keeping system which has made document production to be vastly more excessive and burdensome upon Plaintiffs than is necessary.

Ford has knowledge of the documents that are relevant to the issues complained of in Plaintiffs' Complaint.  Indeed, Ford's Counsel, Brian Anderson, mentioned to the Court at the Scheduling Conference held on January 15, 2010 in this case that Ford had already litigated in South Carolina a case similar to the current one:  Cox House Moving, Inc. v. Ford Motor Company, Civil Action No. 7:06-1218-HMH.  Mr. Anderson also mentioned that Ford intended to defend this case in a fashion similar to the way that the South Carolina case was defended.  It is clear from reading the pleadings filed online in the South Carolina case that the South Carolina case went through discovery and proceeded to a class certification hearing.  Plaintiffs find it unlikely that there were 6 million documents that were relevant to that case–which addressed a much larger class of plaintiffs than the current case--and Plaintiffs believe that it is highly unlikely that there are 6 million documents that are relevant to this case.

Ford may now attempt to argue that Plaintiffs have recently added some counts to their complaint (as reflected in Plaintiffs' Third Amended Complaint) that are dissimilar from the claims brought in Cox House Moving.  It is true that Plaintiffs do add some counts against Ford that are dissimilar to those brought in the Cox House Moving case.  However, the issues contained in the new counts against Ford have already been litigated, or are currently being litigated by Ford in either Williams A. Ambulance, Inc. Stat Services of Jefferson County A, LLP, and Stat Services of Jasper County A, LLP, et al. v. Ford Motor Company, Civil Action No. 1:06-CV-776, United States District Court, Eastern District of Texas, Beaumont Division, or

<u>Kenneth E. Corder, et al. v. Ford Motor Company</u>, Civil Action No. 3:05CV-00016-S, United States District Court, Western District of Kentucky at Louisville.

There is no great mystery, from Ford's perspective, as to which documents are relevant to the issues found in Plaintiffs' Third Amended Complaint and which ones are not.

Therefore, Plaintiffs respectfully request that this Court order Ford to more concisely respond to Plaintiffs' discovery requests. Specifically, Plaintiffs respectfully request that this Court order that Defendant Ford be required to narrow its document production request to the 500 documents which are most relevant to the issues propounded by the Plaintiffs in their Third Amended Complaint.

Plaintiffs also request that the entire Scheduling Order in this case be revised to reflect the complexities of this case and Ford's decision to create an unduly burdensome response upon the Plaintiffs.

Specifically, Plaintiffs request a revision of the Scheduling Order to be as follows:

| | |
|---|---|
| 9/30/2010 | Deadline for Fact Witness Depositions Related to Class Certification |
| 10/31/2010 | Deadline for Plaintiffs to Serve Expert Reports Supporting Class Certification |
| 12/1/2010 | Deadline to Serve Motion for Class Certification |
| 1/26/2010 | Deadline for Defendants to Depose Plaintiffs' Expert Witnesses on Class Certification |
| 2/26/2010 | Deadline for Defendants to Serve Expert Reports Supporting Class Certification |
| 3/15/2010 | Deadline for Response to Motion for Class Certification |
| 4/15/2010 | Deadline for Plaintiffs to Depose Defendants' Expert Witnesses on Class Certification |

| | |
|---|---|
| 5/30/2010 | Deadline for Plaintiffs' Reply Supporting Their Motion for Class Certification |
| 6/15/2010<br><br>10:00 a.m. | Hearing on Plaintiffs' Motion for Class Certification |

                Respectfully Submitted,

                COMMERCIAL STEAM CLEANING, L.L.C.
                AND ANDREW E. HAROLD
                By Counsel,

/s Craig B. Giffin
Stephen Meyer (WVBN 2541)
Craig B. Giffin, Esq. (WVBN 7715)
Meyer Ford and Glasser
PO Box 11090
Charleston WV 25339
304-345-3900 (phone)
304-345-3935 (fax)

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

COMMERCIAL STEAM CLEANING, L.L.C.,
ANDREW E. HAROLD, CARLOS HESS,
and KATHY COLLINS,

                    Plaintiffs,

v.                                              Case No.: 2:09-cv-01009

FORD MOTOR COMPANY, and
NAVISTAR, INC.

                    Defendant.

**CERTIFICATE OF SERVICE**

      I, Craig B. Giffin, counsel for the plaintiffs, do hereby certify that a true and exact copy of the foregoing Motion to Amend Scheduling Order and Motion to Compel a More Narrowed Production of Documents from Defendant Ford, was served upon the following through the CM/ECF system, on March 4, 2010:

| | |
|---|---|
| Michael Bonasso, Esq. | Kara Cunningham Williams, Esq. |
| Elizabeth L. Taylor, Esq. | Teresa A. Kleeh, Esq. |
| Flaherty, Sensabaugh & Bonasso | Steptoe & Johnson |
| P. O. Box 3843 | PO Box 1588 |
| Charleston, WV 25338-3843 | Charleston WV 25326 |
| | *Counsel for Defendant Navistar, Inc.* |

and

Brian Anderson, Esq.
Scott M. Hammack, Esq.
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4001
*Counsel for Defendant Ford*

                                                          /s Craig B. Giffin
                                                          CRAIG B. GIFFIN  [WVSB #7715]