IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**COMMERCIAL STEAM CLEANING, L.L.C., and
ANDREW E. HAROLD,**

    **Plaintiffs,**

v.                                Case No. 2:09-cv-01009

**FORD MOTOR COMPANY and
NAVISTAR INTERNATIONAL CORPORATION,**

    **Defendants.**

## O R D E R

This putative class action case concerns Plaintiffs' complaints about the 6.0-liter Power Stroke diesel engine designed and manufactured by Navistar and installed in trucks and other vehicles made by Ford for the 2003-2006 model years.

Pending before the court is Plaintiffs' motion to compel a more narrowed production of documents from defendant Ford (# 71-2). The motion is combined with a request to amend the scheduling order, which will be addressed by the presiding District Judge. Plaintiffs complain that Ford produced between 5 and 6 million documents in response to Plaintiffs' requests. (# 71, at 2.) They contend that Ford used a record keeping system which has made document production unnecessarily excessive and burdensome on Plaintiffs because it is difficult to identify relevant records. Id. at 3. They request an order which requires Ford to identify

the 500 documents which are most relevant to their Third Amended Complaint. Id. at 4.

Ford's Response asserts that Plaintiffs failed to meet and confer with respect to this motion, that Plaintiffs served extremely broad requests which necessitated a broad production, and Plaintiffs' request for a designation of the "most relevant" documents invades Ford's counsel's work product. (# 84 at 3-8.)

Plaintiffs did not file a reply within the period allowed by Local Rule 7.1(a)(7).

Duty to Meet and Confer

Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1(b) establish a duty to attempt to resolve a discovery dispute prior to filing a motion to compel. Rule 37(a)(1) states: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." [Emphasis added.] Local Rule 37.1(b) is similar:

> Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting.

Plaintiffs' motion to compel lacks a certification that they made any effort to meet and confer with Ford's counsel on this matter.

Ford's response states affirmatively that Plaintiffs made no effort to meet their duty to confer. (# 84, at 3.)

Breadth of Requests

Ford contends that Plaintiffs have requested "essentially all documents (both internal and shared with 'other entities') from a six-year period that relate to the design, manufacture, and performance of the 6.0-liter Power Stroke diesel engine or one of its hundreds of component parts."[1] Notably absent from Plaintiffs' motion is any suggestion, other than a general complaint, that the documents produced by Ford are not responsive or irrelevant or otherwise in violation of a particular provision of Rule 34. Despite that, Plaintiffs accuse Ford of not responding in good faith. It appears to the Court that this is a case of Plaintiffs not being careful what they asked for, because they got it.

Work Product

Plaintiffs have not cited to any case which supports their request that Ford produce the 500 most relevant documents. It is Plaintiffs' burden to prove their case and to offer into evidence those documents which support their theory. Ford has no obligation to make their case for them.

Ruling and Costs

It is hereby **ORDERED** that the motion to compel (# 71-2) is

---

[1] Plaintiffs did not comply with Local Rule 37.1(c) and set forth verbatim each discovery request.

3

denied. Pursuant to Rule 37(a)(5)(B), defendant Ford may file an affidavit of its reasonable expenses incurred in opposing the motion, including attorney's fees, by April 16, 2010. Plaintiffs shall file their response to the affidavit by April 30, 2010, including a statement identifying the attorney or the party who advised the filing of the motion to compel.

    The Clerk is directed to transmit this Order to counsel of record.

    ENTER: April 2, 2010

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge